UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHANNON RUIZ,

                        Plaintiffs,

   -against-

CITY OF NEW YORK; MARLON CONTRERAS; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
----------------------------------------------------------------------X

*COMPLAINT AND JURY DEMAND*

ECF CASE

Docket No. 1:15-cv-2359

Plaintiff Shannon Ruiz, by her attorney Joseph Indusi, Esq. of London Indusi LLP, for her complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a December 17, 2014 incident in which defendants, acting under color of state law, unlawfully detained and arrested Plaintiff without probable cause. As a result of this unlawful arrest, Plaintiff suffered emotional trauma as well as a loss of liberty. Plaintiff was unlawfully deprived of her liberty for approximately 18 hours. Ms. Ruiz's unlawful arrest was declined to prosecute by the King's County District Attorney and she was eventually released from Central Bookings.

3. Plaintiffs seek monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Shannon Ruiz ("Ms. Ruiz") resided at all times in Hudson, New York, in the County of Columbia, State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Marlon Contreras ("Contreras") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Contreras was, at the time relevant herein, a Police Officer under Shield # 6023 in the 61st Precinct. Defendant Contreras is sued in his individual capacity.

12. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

15. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

16. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

17. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

18. On December 17, 2014, at approximately 11:25p.m., Ms. Ruiz was seated in the

passenger seat of a vehicle lawfully parked in front of 2564 East 19th Street, in Brooklyn, New York.

19. Ms. Ruiz was waiting for her fiancé to get in the vehicle so they could leave the location.

20. Before leaving the location an unidentified Defendant unlawfully seized Ms. Ruiz and placed her in handcuffs for no reason.

21. Defendant Contreras was present on the scene during Ms. Ruiz's unlawful detention and arrest.

22. Ms. Ruiz was not violating any laws or local ordinances.

23. At no point did the Defendants observe Ms. Ruiz commit any crime or offense.

24. Defendants, including an unidentified Defendant then searched Ms. Ruiz and no contraband or anything of illegality was found.

25. Ms. Ruiz was unlawfully arrested and placed in a police vehicle by an unidentified Defendant.

26. An unidentified Defendant transported Ms. Ruiz to the 61st Precinct.

27. After some time at the 61st Precinct, Ms. Ruiz was transported to central booking to await arraignment.

28. While Plaintiff was in central booking, Defendants, including Defendant Contreras, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted.

29. The Kings County District Attorney's Office declined to prosecute Mr. Ruiz's unlawful arrest and she was released from Central Bookings.

30. Ms. Ruiz spent approximately 18 hours unlawfully detained in police custody.

31. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

32. At all times relevant hereto, Defendants were involved in the decision to arrest Ms. Ruiz without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Ms. Ruiz without probable cause.

33. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

**FIRST CAUSE OF ACTION**
*False Arrest Under 42 U.S.C. § 1983 Against Individual* Defendants

34. The above paragraphs are here incorporated by reference as though fully set forth.

35. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
*False Arrest and False Imprisonment Under New York State Law Against All Defendants*

37. The above paragraphs are here incorporated by reference as though fully set forth.

38. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

39. Plaintiff was conscious of her confinement, did not consent to her confinement, and Plaintiff's arrest and imprisonment was not otherwise privileged.

40. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
*Negligent Hiring/Training/Retention Under New York State Law Against the City of New York*

42. The above paragraphs are here incorporated by reference as though fully set forth.

43. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

44. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

45. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

46. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
*Failure to Intervene Under 42 U.S.C. § 1983 Against Individual Defendants*

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a

duty to intervene and prevent such conduct, and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: April 25, 2015
Brooklyn New York

Respectfully submitted,

/s/ Joseph Indusi, Esq.
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Ms. Ruiz
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com

7